## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SHONAYE GREEN,

     Plaintiff,

v.                                                          Case No: 8:19-cv-1793-CEH-AEP

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## **O R D E R**

     This matter comes before the Court upon the "Request to file Civil Suit Jury Trial, Extention Immediate Release of Childrens Back Pay" [Doc. 38], filed by Plaintiff Shonaye Green and designated as an emergency, and the response of the Commissioner of Social Security [Doc. 40]. In her motion, Plaintiff requests a hearing to address various claims that purportedly were not addressed by the administrative law judge or the commissioner.  The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's motion.

BACKGROUND

     The complaint against Defendant Commissioner of Social Security for disability insurance benefits was filed by Plaintiff on July 23, 2019. [Doc. 1]. Upon review, Magistrate Judge Anthony E. Porcelli issued a report and recommendation on July 28, 2020, recommending—among other things—that this case should be reversed and remanded under sentence four of 42 U.S.C. § 405(g) for further proceedings. [Doc. 35

at pp. 4-5, 10-11]. Magistrate Judge Porcelli also recommended that Plaintiff's construed claim for continuation of benefits under Section 301 of the Social Security Act be dismissed without prejudice, but noted that given the remand, any arguments as to section 301 should be presented on remand. *Id.* at p. 10. Having received no objection, the Court, after an independent examination, reversed the decision of the Commissioner and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. [Doc. 36]. That same day, August 17, 2020, a Judgment was entered in favor of Plaintiff and against Defendant. [Doc. 37].

More than a year later, Plaintiff filed the instant request, designated as emergency, to file a civil suit jury trial extension and immediate release of children's back pay. [Doc. 38]. There, she states that she has not had all her concerns heard or addressed by the administrative law judge or the commissioner. *Id.* at p. 1.  She requests a hearing to address her "retaliation, denial of payment, denial of application, and violation of [her] rights that forced hardship of finances upon [her]" and other relief. *Id.* Attached to her request is a letter dated August 23, 2021, that she received from the Social Security Administration's (SSA) Office of Appellate Operations, addressing her disagreement with the ALJ's decision dated March 9, 2021.  *Id.* at pp. 2-5.

Defendant raises several arguments in response. [Doc. 40]. First, Defendant argues that if Plaintiff is seeking reconsideration of the order adopting the report and recommendation, then the request is untimely. *Id.* at p. 1. Defendant explains that the order sending the case back to the Commissioner ended the Court's review of the

2

earlier decision and that the order is moot based on the new decision of the ALJ issued on March 9, 2021. *Id.* at p. 2. Defendant further argues that Plaintiff is required to file a new action to obtain review of the ALJ's new decision. *Id.*

DISCUSSION

As an initial matter, the Court notes that Plaintiff's request for relief is not supported by a memorandum of legal authority as required by Middle District Local Rule 3.01(a). Even though Plaintiff is proceeding *pro se* in this action, she is still expected to comply with procedural rules, including the Court's Local Rules. *Moreno v. Serco Inc.*, 734 F. App'x 656, 658 (11th Cir. 2018); *Jacox v. Dep't of Def.*, 291 F. App'x 318 (11th Cir. 2008).

Beyond that deficiency, the motion appears to request review of the new decision, which as Defendant notes, requires the initiation of a new civil action. Notably, the title of the motion, "Request to File Civil Suit," supports this construction of the motion as one seeking review of the new decision. Additionally, the letter that is attached to the complaint advises Plaintiff as follows:

> The Court order that sent this case back to the Commissioner ended the court's review of the earlier decision. If you want a Federal district court to review the Commissioner's final decision after remand by the court, you must file a new civil action.

[Doc. 1 at p. 3]. "In a remand pursuant to the fourth sentence of [42 U.S.C. § 405(g)], called a 'sentence-four remand,' the district court enters judgment immediately[.]" *Jackson v. Chater*, 99 F.3d 1086, 1089 (11th Cir. 1996). This differs from a remand pursuant to the sixth sentence of § 405(g), which requires that "after the administrative

proceedings on remand have been finished by SSA, [the] SSA must file a copy of the *new* final decision with the court." *Atkins v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 864, 869 (11th Cir. 2015). The Court entered Judgment in favor of Plaintiff on August 17, 2020. As such, nothing was left to do in the case.  See *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1368 (11th Cir. 1983) ("A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (quotation omitted). Plaintiff must therefore initiate a new action to obtain review of the March 9, 2021 decision of the Commissioner on remand.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's "Request to file Civil Suit Jury Trial, Extention Immediate Release of Childrens Back Pay" [Doc. 38] is denied.

**DONE AND ORDERED** in Tampa, Florida on November 4, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

4